**STATE of Missouri, Plaintiff–Respondent,**

v.

**Larry F. MOORE, Defendant–Appellant.**

**No. SD 28841.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 22, 2008.

Stephen W. Angle, Matthew D. Lowe, Clinton, for Appellant.

Joleene V. Wood, St. Clair Co. Prosecutor, Osceola, for Respondent.

JOHN E. PARRISH, Judge.

Larry F. Moore (defendant) appeals a conviction, as a prior offender, of the class A misdemeanor of driving while intoxicated. §§ 577.010; 577.023.1(5) and .2.[1] This court affirms.[2]

Missouri State Highway Patrolman L.D. Stoddard observed a vehicle operated by defendant proceeding south on County Road SW 101 in St. Clair County. The vehicle turned left from County Road 101

---

1. References to statutes are to RSMo 2000.

2. Defendant was also charged with and convicted of failure to signal. § 304.019. The cases were not consolidated but were tried together. He was found guilty and appealed. That case is No. 28839. The opinion in No. 28839 is filed contemporaneous with this opinion.

onto County Road SW 476. Defendant failed to signal before turning left. Trooper Stoddard stopped the vehicle for failure to signal.

Defendant appeared intoxicated. He smelled strongly of intoxicants. He had watery, bloodshot, and glassy eyes. His speech was slurred. He was unsteady on his feet. Defendant swayed while standing and fell into his truck. Defendant was arrested for driving while intoxicated. A breathalyzer test was administered. Defendant registered .091.

Defendant asserts one point on appeal. He contends the trial court erred in denying his motion to suppress evidence and in admitting in evidence things that were produced as a result of the traffic stop—statements of defendant, test results, and observations by Trooper Stoddard. As this court understands defendant's point on appeal, defendant contends all evidence that the traffic stop produced was the result of an unlawful seizure. Defendant bases this claim on the fact that the event that produced the traffic stop, the failure to signal a left turn, occurred on a county road. He argues that the requirement of § 304.019 to signal when making a turn does not extend to travel on roads other than a "highway constructed or maintained by the state highways and transportation commission with the aid of state funds or United States government funds, or any highway included by authority of law in the state highway system, including all right-of-way," § 304.001(13); that the county road on which defendant was driving when stopped was not such a roadway. Defendant bases his argument on the language relative to making a left turn in § 304.019.1(3) and (4) and the language in § 304.001(12) and (13) that defines "roadway" and "state highway." Section 304.019.1 provides:

1. No person shall stop or suddenly decrease the speed of or turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein.

. . .

(3) An operator or driver intending to turn the operator's vehicle to the left shall extend such operator's arm in a horizontal position so that the same may be seen in the rear of the vehicle, and shall slow down and approach the intersecting highway so that the left side of the vehicle shall be as near as practicable to the center line of the highway along which the operator is proceeding before turning;

(4) The signals herein required shall be given either by means of the hand and arm or by a signal light or signal device in good mechanical condition of a type approved by the state highway patrol; . . . .

Section 304.001, as applicable to defendant's argument, provides:

As used in this chapter and chapter 307, RSMo, the following terms shall mean:

. . .

(12) "Roadway", that portion of a state highway ordinarily used for vehicular travel, exclusive of the berm or shoulder;

(13) "State highway", a highway constructed or maintained by the state highways and transportation commission with the aid of state funds or United States government funds, or any highway included by authority of law in the state highway system, including all right-of-way[.]

There was no evidence that either County Road SW 101 or County Road SW 476 was a state highway. There was no showing that they were highways constructed or maintained by the state highways and transportation commission with the aid of state funds or United States government funds, or that they were highways included by authority of law in the same highway system as required by § 304.001.1(12) and (13) in order to be a state highway. On that basis, defendant argues that he was not traveling on a roadway to which § 304.019.1(3) and (4), the statute that requires a signal to be given for a left turn, applies; that, therefore, the evidence that was admitted at trial was the product of an unlawful seizure and was not admissible.

Defendant's argument fails to recognize that § 304.025.1 specifically defines "highway" whenever the term is used in §§ 304.014 to 304.026. It states:

> The word "**highway**" whenever used in sections 304.014 to 304.026 shall mean any public road or thoroughfare for vehicles, including state roads, *county roads* and public streets, avenues, boulevards, parkways or alleys in any municipality. [Emphasis added.]

The statute that creates the offense for which defendant was stopped falls within §§ 304.014 to 304.026. It is § 304.019.1(3). It requires a driver of a vehicle intending to turn left to either extend his left arm in a horizontal position or use a signal light or signal device and to slow down and approach "the intersecting *highway*" in the manner prescribed therein. (Emphasis added.) In this case, the intersecting highway was County Road SW 476. Defendant was required to signal before turning left onto that highway. Trooper Stoddard stopped defendant when he observed defendant turn left onto County Road SW 476 without signaling.

The evidence was sufficient for the trial court to deny defendant's motion to suppress evidence and to admit the evidence at trial. Giving deference to the trial court's determinations with respect to witness credibility and weight of the evidence, this court finds the trial court's ruling to be plausible in light of the record viewed in its entirety. *See State v. Kerr*, 114 S.W.3d 459, 461 (Mo.App.2003). Defendant's point is denied. The judgment of conviction is affirmed.

LYNCH, C.J., and RAHMEYER, J., concur.